1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY HOLLIS, | CASE NO.   1:11-cv-01154-MJS (PC) |
| Plaintiff, | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| v. | (ECF No. 1) |
| ENENMOH, et al., | AMENDED COMPLAINT DUE WITHIN |
| Defendants. | THIRTY (30) DAYS |

_____/

**SCREENING ORDER**

**I.    PROCEDURAL HISTORY**

On July 13, 2011, Plaintiff Jeremy Hollis, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983.  (ECF No. 1.) Plaintiff consented to Magistrate Judge jurisdiction.  (ECF No. 5.)  Plaintiff's Complaint is now before the Court for screening.

**II.   SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has

1

raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

**III.    SUMMARY OF COMPLAINT**

The Complaint names the following officials at the California Substance Abuse Treatment Facility and State Prison, Corcoran (CSATF) as Defendants in this action: (1) Enenmoh, Chief Medical Officer (CMO); (2) Metts, M.D.; (3) Beregovskaya, Chief Physician and Surgeon; (4) G. Martinez, Health Care Manager; (5) S. Skalisky, Pharmacist in Chief; (6) B. Haugu, Senior Registered Nurse II; (7) M. Crum, Appeals Coordinator; and (8) S. Umi, Appeals Coordinator.

Plaintiff alleges the following:

On September 8, 2009, Plaintiff entered CSATF with an existing shoulder injury. (Compl. at 4.) On December 10, 2009, Plaintiff submitted a health care service request seeking treatment for his shoulder. At an appointment on February 1, 2010, officials prescribed the muscle relaxer and anti-inflammatory drug Indomethacin, "which has

2

horrible side effects and is actually a medication made to treat 'Gout', a condition fo the feet and ankles, not a shoulder." (Id. at 7.) Plaintiff's shoulder was not x-rayed, no M.R.I. was scheduled, and Plaintiff was not referred to a specialist. (Id.)

On March 6, 2010, the Indomethacin prescription was replaced with the psychological drug Elovil. The new medication "inflicts overwhelming side effects of the mind and body" and, like Indomethacin, was not designed for pain relief. (Id.) By March 30, 2010, Plaintiff had "frantically" sought alternative treatment without success; health care officials refused to listen. (Id.) On July 1, 2010, an M.R.I. was conducted and showed substantial damage in Plaintiff's shoulder. However, the M.R.I. results were not reported to a doctor for a month. Plaintiff was prescribed Neurontin, but never received the medication and was not prescribed a pain reliever. (Id. at 8.)

Plaintiff still had not seen a doctor by July 28, 2010. A nurse informed Plaintiff that he would see a doctor in ten days. On September 4, 2010, Plaintiff saw Dr. Metts who forwarded Plaintiff to a "'Board'" to approve the administration of pain medication. Three days later Plaintiff was approved to receive morphine. Plaintiff was also referred to a neurologist even though he should have been sent to an orthopedic specialist. (Id.)

By September 14, 2010, Plaintiff had still not received his approved pain medication. Nurse Page discovered Plaintiff's approval forms unprocessed on Dr. Metts' desk along with other patients' prescription documentation. (Id. at 8, 9.) Nurse Page then sent Plaintiff's prescription to be precessed. As of July 13, 2011, the date the Complaint was filed, Plaintiff had not seen a specialist. Officials have refused to accommodate Plaintiff's medical authorization for a lower bunk. (Id. at 9.)

Medical care at CSATF is generally slow and substandard. The medical appeal

3

process invariably results in inmate complaints being screened out.  Plaintiff's experiences are consistent with the general condition of medical services at CSATF.  (Id. at 4-7.)

Plaintiff asserts Eighth Amendment claims based on delayed and denied medical care and the prescription of inappropriate medication, violation of his rights under the Americans With Disabilities Act, denial of his rights to due process and access to the courts in the medical appeal process, and, lastly, that the aforementioned constitutes negligence and medical malpractice under California law.  (Id. at 9, 10.)

IV.   **ANALYSIS**

   A.   **Section 1983**

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id.  Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not.

1    Id. at 1949-50.

2        **B.    Section 1983 Linkage Requirement**

3
4        Under § 1983, Plaintiff must demonstrate that each defendant personally
5    participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir.
6    2002).  This requires the presentation of factual allegations sufficient to state a plausible
7    claim for relief.  Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962,
8    969 (9th Cir. 2009).   The mere possibility of misconduct falls short of meeting this
9    plausibility standard.  Id.

10        The statute clearly requires that there be an actual connection or link between the
11   actions of the defendants and the deprivation alleged to have been suffered by the plaintiff.
12   See Monell v. Department of Social Services, 436 U.S. 658 (1978).  Government officials
13   may not be held liable for the actions of their subordinates under a theory of respondeat
14   superior.  Iqbal, 129 S.Ct. at 1948.  Since a government official cannot be held liable under
15   a theory of vicarious liability in § 1983 actions, Plaintiff must plead sufficient facts showing
16   that the official has violated the Constitution through his own individual actions.  Id. at
17   1948.  In other words, to state a claim for relief under § 1983, Plaintiff must link each
18   named defendant with some affirmative act or omission that demonstrates a violation of
19   Plaintiff's federal rights.
20
21
22        The Complaint repeatedly attributes liability to CSATF officials generally rather than
23   to individual Defendants.  Dr. Metts is the only Defendant identified by name in the factual
24   allegations,  and Plaintiff does not clearly explain how Metts participated in the violation of
25   Plaintiff's rights.
26
27        Plaintiff has failed to link any of the Defendants to the alleged violations and thus

                                            5

fails to state a claim.  The Court will provide an opportunity to amend.  In order to state a cognizable claim, Plaintiff needs to set forth sufficient facts showing that each Defendant personally took some action that violated Plaintiff's constitutional rights.  Sweeping conclusory allegations will not suffice; Plaintiff must instead "set forth specific facts as to each individual defendant's" deprivation of protected rights.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir.1988).  The mere fact that they may have supervised the individuals responsible for a violation is not enough.  The Defendants may only be held liable in a supervisory capacity if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them."  Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

The succeeding sections of this order will notify Plaintiff of other pleading deficiencies and the legal standards applicable to each claim.

### C.   Inadequate Medical Care

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'"  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).  The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent."  Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc) (internal quotations omitted)).  Deliberate indifference is shown by "a purposeful act or failure to respond to a

prisoner's pain or possible medical need, and harm caused by the indifference." <u>Jett</u>, 439 F.3d at 1096 (<u>citing</u> <u>McGuckin</u>, 974 F.2d at 1060).  In order to state a claim for a violation of the Eighth Amendment, a plaintiff must allege sufficient facts to support a claim that the named defendants "[knew] of and disregard[ed] an excessive risk to [Plaintiff's] health . . . ." <u>Farmer v. Brennan</u>, 511 U.S. 825, 837 (1994).

Plaintiff complains that the medical care he received was inadequate, frequently delayed, and that his condition has yet to be treated satisfactorily.

### 1.    Serious Medical Need

Plaintiff suffered severe pain in his shoulder for which medical staff prescribed various medications, including morphine.  Eventually, an M.R.I. revealed "substantial" damage.  Plaintiff was medically restricted.  This adequately describes a serious medical need and thus satisfies the first element of his Eighth Amendment medical treatment claim. <u>See</u> <u>Doty v. County of Lassen</u>, 37 F.3d 540, 546 (9th Cir. 1994) ("serious" medical conditions are those a reasonable doctor would think worthy of comment, those which significantly affect the prisoner's daily activities, and those which are chronic and accompanied by substantial pain).

### 2.    Deliberate Indifference

Plaintiff may wish to state Eighth Amendment claims based on the delay or denial of medical care and the quality of care provided, but his factual allegations do not satisfy the pleading criteria.  As discussed above, Plaintiff does not describe who exactly participated in the constitutionally deficient care.  Should Plaintiff choose to amend, his claims must include facts connecting each Defendant individually to specific acts or failures to act.  Referring to "Medical Officials" generally is not permissible.

7

Plaintiff should describe the care he received in chronological order, from the first medical care request to his present status.  Plaintiff must supply the specific facts known to him regarding what each individual Defendant knew of Plaintiff's serious medical need, when they knew it, and how they responded.  "Deliberate indifference is a high legal standard."  Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004).  "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'"  Id. at 1057 (quoting Farmer, 511 U.S. at 837).  "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'"  Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).

a.    Treatment Delayed

The Complaint cites numerous instances in which Plaintiff's treatment was delayed. Plaintiff states that his shoulder ailment was left unresolved.

The complete denial of medical attention may constitute deliberate indifference. Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986).  Delay in providing medical treatment, or interference with medical treatment, may also constitute deliberate indifference. Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000).  Where delay is alleged, however, the prisoner must also demonstrate that the delay led to further injury. McGuckin, 974 F.2d at 1060.  The needless suffering of pain may be sufficient to demonstrate further harm.  Clement v. Gomez, 298 F.3d 898, 904 (9th Cir. 2002).

Plaintiff must plead facts identifying which Defendants were responsible for the delayed care and how their conducted exhibited deliberate indifference.  Plaintiff must also

1    demonstrate that the delay caused further harm.  If Plaintiff's shoulder remains untreated
2    he should so allege and explain any further efforts Plaintiff may have made to obtain care.

3                          b.      Inadequate Care

4          Plaintiff alleges generally that the care he received was inadequate.  Specifically,
5    Plaintiff alleges that medical officials failed to immediately x-ray his shoulder or conduct an
6    M.R.I., prescribed Plaintiff improper medication, and referred Plaintiff to a neurologist
7    instead of an orthopedic specialist.
8
9          When the basis of Plaintiff's Eighth Amendment claim is a specific course of
10   treatment adopted by the Defendants, Plaintiff must allege facts demonstrating "that the
11   course of treatment the doctors chose was medically unacceptable under the
12   circumstances . . . and . . . that they chose this course in conscious disregard of an
13   excessive risk to plaintiff's health."  Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986)
14   (internal citations omitted).  A prisoner's mere disagreement with diagnosis or treatment
15   does not support a claim of deliberate indifference.  Sanchez v. Vild, 891 F.2d 240, 242
16   (9th Cir.1989).  Also, "a difference of opinion between a prisoner-patient and prison
17   medical authorities regarding treatment does not give rise to a § 1983 claim."  Franklin v.
18   Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted).
19
20         Conclusory allegations that the course of treatment was medically unacceptable
21   under the circumstances is not sufficient.  For example, Plaintiff should explain why he
22   believes the medication provided was unacceptable.  Plaintiff is cautioned that "[m]ere
23   'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action."
24   Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429
25   U.S. at 105-06).  "[A] complaint that a physician has been negligent in diagnosing or
26
27                                            9

treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.  Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."  Estelle, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin, 974 F.2d at 1050.  Even gross negligence is insufficient to establish deliberate indifference to serious medical needs.  See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

### D.   Americans With Disabilities Act

Plaintiff alleges that the Defendants violated his rights under the Americans with Disabilities Act (ADA), yet provides no factual allegations to support this claim.  Accordingly, Plaintiff fails to state a claim.  Title II of the ADA "prohibit[s] discrimination on the basis of disability."  Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002).  Title II provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by such entity."  42 U.S.C. § 12132.  Title II of the ADA applies to inmates within state prisons.  Pennsylvania Dept. of Corrections v. Yeskey, 118 S.Ct. 1952, 1955 (1998); see also Simmons v. Navajo County, Arizona, 609 F.3d 1011, 1021 (9th Cir. 2010).  To state a claim under Title II of the ADA, the plaintiff must allege: (1) he is an individual with a disability; (2) he is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) he was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of [his] disability.  Simmons, 609 F.3d at 1021; McGary v. City of Portland, 386 F.3d 1259,

10

1
2
3
4
5
6

1265 (9th Cir. 2004).  The Ninth Circuit has held that Title II of the ADA permits prisoners to bring actions against state officials in their official capacities, but not in their individual capacities.  See Miranda B. v. Kitzhaber, 328 F.3d 1181, 1187-88 (9th Cir. 2003) (holding that "Title II's statutory language does not prohibit . . . injunctive action against state officials in their official capacities").

7
8
9
10

In order to state a cognizable claim, Plaintiff must clearly allege facts demonstrating that he was excluded from a service, program, or activity that he was otherwise qualified to participate in and his disability was the basis of his exclusion.  As discussed above, Plaintiff must also link the named Defendants to the alleged violations.

11
12

### E.    Inmate Appeal Process

13
14
15
16
17
18
19
20

Plaintiff alleges that by failing to adequately process his inmate appeals, the Defendants violated his rights to due process and access to the courts.  Because there is no constitutionally protected right to a prison grievance process, the failure to process Plaintiff's grievances does not state a claim for denial of due process, Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); or for interference with Plaintiff's right to seek redress, Lewis v. Casey, 518 U.S. 343, 346 (1996); Phillips v. Hust , 588 F.3d 652, 655 (9th Cir. 2009).

21
22
23
24
25
26
27

Plaintiff has a First Amendment right to file prison grievances but does not have a right to any particular response.  Johnson v. Subia, 2010 WL 3767732, *2 n. 3 (E.D. Cal. Sept. 22, 2010).  "An inmate has no due process rights regarding the proper handling of grievances."  Wise v. Washington State Department of Corrections, 244 Fed.Appx. 106, 108 (9th Cir. 2007), cert. denied, 552 U.S. 1282 (2008).  To the extent Plaintiff may believe the refusal to process his appeals gives rise to a viable claim for denial of access to the

courts, Plaintiff is incorrect.  Such a claim accrues only when an inmate suffers an actual injury, and speculation that the inability to pursue an appeal will lead to a future litigation injury is insufficient.  Christopher v. Harbury, 536 U.S. 403, 415(2002); Lewis, 528 U.S. at 351; Phillips, 588 F.3d at 655.

Plaintiff has neither a liberty interest nor a substantive right to the procedures involved in inmate appeals.  Plaintiff fails to state a claim based on the violation of his due process rights. Because amendment of Plaintiff's due process claim would be futile, leave to amend that claim will not be granted.  However, the Court will provide Plaintiff an opportunity to clarify and amend his access to courts claim.  To state a viable claim for relief, Plaintiff must show that he suffered an actual injury, i.e., "actual prejudice to contemplated or existing litigation." Nevada Dep't of Corr. v. Greene, 648 F.3d 1014, 1018 (9th Cir. 2011) (citing Lewis, 518 U.S. at 348) (internal quotation marks omitted).

**F.    State Law Claims**

The Court will not address the viability of Plaintiff's state law claims at this time because  it will not exercise supplemental jurisdiction over state law claims unless Plaintiff is able to state a cognizable federal claim. 28 U.S.C. § 1367(a); Herman Family Revocable Trust v. Teddy Bear, 254 F.3d 802, 805 (9th Cir. 2001).

If Plaintiff were otherwise permitted to pursue his state law claims, he would have to  demonstrate compliance with the California Tort Claims Act.  Under the California Tort Claims Act (CTCA), a plaintiff may not maintain an action for damages against a public employee unless he has presented a written claim to the state Victim Compensation and Government Claims Board within six months of accrual of the action.  See Cal. Gov't Code §§ 905, 911.2(a), 945.4 & 950.2; Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470,

1477 (9th Cir. 1995).  A plaintiff may file a written application for leave to file a late claim up to one year after the cause of action accrues.  Cal. Gov't Code § 911.4.  The purpose of CTCA's presentation requirement is "to provide the public entity sufficient information to enable it to adequately investigate claims and to settle them, if appropriate, without the expense of litigation."  City of San Jose v. Superior Court, 525 P.2d 701, 706 (1974).  Thus, in pleading a state law claim, plaintiff must allege facts demonstrating that he has complied with CTCA's presentation requirement.  State of California v. Superior Court (Bodde), 90 P.3d 116, 119 (2004).  Failure to demonstrate compliance constitutes a failure to state a cause of action and will result in the dismissal of Plaintiff's state law claims.  Id.

## V.   CONCLUSION AND ORDER

Plaintiff's Complaint does not state a claim for relief under section 1983.  The Court will grant Plaintiff an opportunity to file an amended complaint.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights.  Iqbal, 129 S.Ct. at 1948-49.  Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'"  Id. at 1949 (quoting Twombly, 550 U.S. at 555 (2007)).  Plaintiff must also demonstrate that each named Defendant personally participated in a deprivation of his rights.  Jones, 297 F.3d at 934.

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).  Plaintiff should carefully read this Screening Order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint

13

be complete in itself without reference to any prior pleading.  As a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once an amended complaint is filed, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY ORDERED that:

1.      The Clerk's Office shall send Plaintiff (1) a blank civil rights complaint form and (2) a copy of his Complaint, filed July 13, 2011;

2.      Plaintiff's Complaint is dismissed for failure to state a claim upon which relief may be granted;

3.      Plaintiff shall file an amended complaint within thirty (30) days; and

4.      If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim and failure to comply with a court order.

IT IS SO ORDERED.

Dated:    July 30, 2012            _____/s/ Michael J. Seng_____
                                   UNITED STATES MAGISTRATE JUDGE

14